[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Jane S. Libby (hereinafter "the decedent") died on August 2, 1994 a resident of West Hartford. Kenneth Libby, the decedent's husband, was appointed Executor of her estate and qualified as such on September 19, 1994.
The decedent was an income beneficiary of a testamentary trust created under the will of her grandfather, Isadore Wise, (hereinafter "the Wise trust"). The Wise trust, which is administered in the Hartford probate court, terminates upon the death of the last of four income beneficiaries. Upon termination, the decedent's share of the trust (one-quarter of the trust principal and accrued income) will be distributed to her issue, per stirpes. The Wise trust has not yet terminated as three other income beneficiaries survive the decedent.
By compromise with the Appeals Division of the Internal Revenue Service, 75% of the decedent's share in the Wise trust, or $472,729.32, was included in her gross taxable estate for federal estate tax purposes. The Executor has petitioned this Court, pursuant to Conn. Gen. Stat. § 12-401, to make a determination of the proration of the federal estate tax, and interest paid thereon, so that the Executor can then petition the Hartford probate court for reimbursement from the Wise trust of the tax attributable to the decedent's interest in the Wise trust.
Pursuant to Conn. Gen. Stat. § 12-401(a), when an executor has paid a death tax levied under the provisions of the United States Internal Revenue Code . . . hereinafter called the federal estate tax . . . the amount of the tax so paid, except when a testator otherwise directs in his will . . . shall . . . be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues.
Article V of the decedent's will specifically addresses how estate taxes shall be paid. Paragraph A directs that taxes attributable to the following assets be paid as administration expenses and not apportioned or charged to the respective devisees: (a) property passing under the decedent's will, (b) property passing to or under any revocable trust established by the decedent, (c) retirement or other employment benefits passing to the decedent's husband, and (d) property passing under any trust for which the federal estate tax charitable deduction is allowed. The property passing under the Wise Trust does not fall within any of these categories. Paragraph B provides that estate taxes imposed with respect to all other property "shall be apportioned among, charged to and recovered from the respective recipients in the manner providedby law" (emphasis added).
Conn. Gen. Stat. § 12-401(a) sets forth the manner in which the federal estate tax shall be apportioned:
 Such proration shall be made in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that, in making such proration, allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate. . . .:
The Executor paid $2,127,829.00 in federal estate tax and $39,063.00 in interest. The net taxable value of the estate, meaning the value of all items less any marital or charitable deduction taken, is $5,783,856.07. The ratio of the decedent's taxable interest in the Wise trust to the net taxable estate as applied to the federal estate tax and interest paid yields the following prorated amounts:
Federal Estate Tax: 472,729.32 x 2,127,829= $173,912.90 5,783,856.07
Interest on Federal Estate Tax: 472,729.32 x 39,063= $3,192.72 5,783,856.07 CT Page 9690
Accordingly, $173,912.90 and $3,192.72 are the amounts of federal estate tax and interest, respectively, paid by the Executor that are attributable to the decedent's interest in the Wise Trust.
Dated at West Hartford this day of November, 1997.
Berman, J.